UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,        Case No. 19-20216-6
                                      HON. VICTORIA A. ROBERTS

v.

KEVIN WOOD – D-6,

        Defendant.
_____/

**ORDER DENYING DEFENDANT'S MOTION FOR BOND [ECF No. 145]**

## I.    INTRODUCTION

Kevin Wood ("Wood") filed a Motion for Bond. The Court held a hearing on the Motion on May 5, 2020.

Because the government proves by clear and convincing evidence that no condition or combination of conditions of release will reasonably assure the safety of the community, the Court **DENIES** the Motion.

## II.    FACTUAL BACKGROUND

The government charged Wood in a multi-defendant Superseding Indictment with: (i) Conspiracy to Possess with Intent to Distribute a Controlled Substance in violation of 21 U.S.C. § 846; and (ii) Attempted Possession of a Controlled Substance with Intent to Distribute in violation of

1

21 U.S.C. § 846. The government alleges that from approximately March 2016 through August 2017, Wood and his co-defendants ran a large-scale drug operation and conspired to possess firearms in furtherance of this drug trafficking scheme.

### III. STANDARD OF REVIEW

It is the default position that the court release a defendant awaiting trial. *United States v. Stone,* 608 F.3d 939, 945 (6th Cir. 2010). However, this position is modified "for certain, particularly dangerous defendants." *Id.* When there is probable cause that a defendant committed a crime of violence or a drug trafficking offense, there is a rebuttable presumption in favor of detention. *Id.* Because of the nature of Wood's charges, the rebuttable presumption applies. *See* 18 U.S.C. § 3142(e).

This presumption in favor of detention imposes a burden on Wood to produce evidence that he does not pose a danger to the community or a risk of flight. *Stone,* 608 F.3d at 945; *see also United States v. Mercedes,* 254 F.3d 433, 436 (2d Cir. 2001). This is not a heavy burden, but Wood must produce "at least some evidence." *Id.* (citing *United States v. Stricklin,* 932 F.2d 1353, 1355 (10th Cir. 1991)).

Even if Wood satisfies his burden of production, the presumption remains a factor the Court must consider in addition to the factors set forth

in § 3142(g): (1) the nature and circumstances of the offense; (2) the weight of the evidence against the person; (3) the history and characteristics of the person; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release. *Mercedes,* 254 F.3d at 436; 18 U.S.C. § 3142(g).

The presumption remains a factor because of Congress's judgment that some defendants should continue to be detained before a finding of guilt because of a likelihood they will continue to engage in criminal conduct despite attempts to impose bond conditions designed to deter criminal conduct. *Stone,* 608 F.3d at 945; *see also United States v. Dominguez,* 783 F.2d 702, 707 (7th Cir. 1986).

Ultimately, it is the government's burden to prove by a preponderance of the evidence that there is no condition or combination of conditions that will reasonably assure the appearance of the defendant as required and by clear and convincing evidence that there is no condition or combination of conditions that will reasonably assure the safety of any other person and the community. *Id.*; 18 U.S.C. § 3142(e).

## IV. ANALYSIS

The Court must first consider whether Wood satisfies his burden of production of evidence to rebut the presumption that no condition or

combination of conditions of release would reasonably assure (i) his appearance and (ii) the safety of the community. 18 U.S.C. § 3142(e)(3).

Pretrial Services believes there are no conditions that could be set to reasonably assure Wood's appearance and the safety of the community.

### A. Wood Does Not Satisfy His Burden of Production

Under the Bail Reform Act, a drug offense triggers the rebuttable presumption of detention. 18 U.S.C. § 3142(e)(3). Wood must rebut the presumption. His burden of production is "relatively light." *Stone,* 608 F.3d at 947; *see also United States v. Mercedes,* 254 F.3d 433, 436 (2d Cir. 2001).

The government says Wood fails to show why his situation falls outside of the "congressional paradigm" that defendants charged with certain offenses should be detained. *Stone,* 608 F.3d at 946 ("To rebut the presumption, therefore, a defendant should 'present all the special features of his case' that take it outside 'the congressional paradigm'").

Wood fails to provide any evidence to rebut the presumption of his risk of flight or dangerousness. He merely cites generalized concerns surrounding the COVID-19 pandemic. Wood states, "[b]ecause of the pandemic, the community is now endangered by Mr. Wood's detention, not his release. The pandemic also dis-incentivizes flight or non-compliance with

4

any Pretrial release condition." But, Wood fails to prove that he does not pose a danger to the community or a risk of flight. And his generalized allegations are not sufficient to satisfy his burden; if the Court determined that these allegations were sufficient, all inmates would be entitled to release until a suitable vaccine against COVID-19 is developed.

### a. Even if Wood Satisfied His Burden, Section 3142(g) Factors Weigh in Favor of Detention

Even if Wood met his burden, the burden shifts to the government to prove there are no conditions or combination of conditions to assure the safety of the community if Wood is released.

To satisfy that burden, the government relies on the four factors in 18 U.S.C. § 3142(g). The Court must consider: (1) the nature and circumstances of the offense charged; (2) the weight of the evidence of dangerousness; (3) the history and characteristics of the person; and (4) the nature and seriousness of the danger posed by the person's release. 18 U.S.C. § 3142(g).

Wood has not rebutted the applicable presumption in favor of detention – he has not presented any evidence that he does not pose a danger to the

community or a risk of flight. The government has met its burden of persuasion that he should be detained.

### 1. Nature and Circumstances of the Offense

The government cites the mandatory minimum attached to Wood's charges – evidence of Congress's view that the offenses are undeniably serious. It describes the allegations in more detail – that Wood's offense allegedly included the possession of firearms, using multiple homes to conduct a criminal enterprise, and moving kilograms of cocaine throughout the Detroit area. Wood does not address the nature or circumstances of the charges against him.

This factor weighs in favor of detention. The nature and circumstances of Wood's charges are serious; it is evidenced by the statutory presumption of detention.

### 2. Weight of the Evidence of Dangerousness

The Court considers the weight of the evidence of dangerousness, not the weight of the evidence of guilt. *Stone,* 608 F.3d at 948 (citing *United States v. Hazime,* 762 F.2d 34, 37 (6th Cir. 1985)). The Court acknowledges its responsibility to individually assess Wood and makes an individualized

inquiry into his dangerousness, not based upon guilt by association with his co-defendants.

The government says Wood's criminal history and multiple probation violations establish he is a danger to the community. Wood does not address either of these contentions. At the time Wood allegedly engaged in the criminal conduct charged in the indictment, he was on probation from state charges. This favor weighs in favor of detention.

### 3. History and Characteristics and Nature and Seriousness of Danger Posed by Release

The government contends: (i) Wood is a danger to the community and himself and (ii) drug trafficking, even without the presence of firearms, is a dangerous activity. Wood does not address his criminal history, or seriousness of the pending charges.

Wood has an extensive criminal history – including at least seven felony and fourteen misdemeanor convictions. Wood has displayed an inability to comply with the terms of community supervision. He has eight probation violations – ranging from 1990 until 2016 – due to non-compliance. This lengthy history of non-compliance includes Wood's failure to report to probation, leading officers to spend extra resources to track him down.

Wood's repeated violations, including his failure to report, weigh in favor of detention.

Wood has been diagnosed with major depressive disorder and schizophrenia. He attempted to commit suicide on at least five occasions; he said the voices in his head tell him to harm himself. While he has been incarcerated, he noted that he "felt great" and has been taking medication. The Pretrial Services Report notes that Wood has not always taken his medication as directed because he does not like the way it makes him feel. Perhaps the continued incarceration – where Wood is required to take medication and attend monthly sessions with a health specialist – would be a better plan than release, since he has a history of not complying with Court orders.

Wood's criminal past, pattern of criminal conduct, and repeated failures to comply with Court orders weigh in favor of detention. Even if Wood satisfied his burden of production, the government satisfied its burden of persuasion and the Court finds that the factors set forth in § 3142(g) weigh in favor of detention.

### B. COVID-19 Does Not Warrant Wood's Release

Wood mentions COVID-19 as a reason for release. Wood argues that the conditions at the Livingston County Jail subject him to a heightened risk

8

of contracting COVID-19; he states he is at greater risk of infection if he remains incarcerated. The Court acknowledges the greater risk of infection posed to the incarcerated because inmates and staff have a reduced ability to practice the social distancing and quarantine recommendations set forth by the CDC.

However, Wood asserts only generalized concerns about the COVID-19 pandemic and cites the threats COVID-19 poses to the entire prison population. Courts denied when the concern is too generalized based upon the fear of contracting COVID-19 infection. *See Dawson v. Asher*, 2020 WL 1304557 (W.D. Wash. Mar. 19, 2020) (denying petition where petitioners were not in high-risk group and no detainees or staff at the facility at issue tested positive for COVID-19); *Sacal-Micha v. Longoria*, 2020 WL 1518861 (S.D. Tex. Mar. 27, 2020) (same); *Xuyue Zhang v. Barr*, 2020 WL 1502607, at *4 (C.D. Cal. Mar. 27, 2020) (denying relief for petitioners in high-risk categories held at detention facility with no confirmed cases of COVID-19).

Wood is not in a high-risk category as defined by the CDC. Based upon available information to date, individuals who are at higher risk for severe illness from COVID-19 include people aged 65 years or older, people who live in a nursing home or a long-term care facility, and people of any age who have serious underlying health conditions. See CDC, People Who Are At

9

Higher Risk, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-at-higher-risk.html (last visited May 5, 2020). No detainees or staff member has tested positive for COVID-19 at the Livingston County Jail. Wood is a 49-year-old male with no underlying health conditions incarcerated in a facility with no known cases of COVID-19.

Wood does not challenge the precautions the government says the jail is taking to protect inmates. These precautions include new guidelines for detainees entering the facility and current detainees, onsite medical care, suspended visitation, increased sanitation efforts, and daily screenings for correction officers and staff.

Wood does not distinguish himself from other pretrial detainees who are currently in custody because of a judicial finding of danger to the community and lack of suitable conditions for release.

### V. CONCLUSION

After considering the presumption and the factors set forth in 18 U.S.C. § 3142(g), the Court concludes that Wood must be detained pending trial. The government proves by clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of any other person and the community. His prior criminal history; that Wood faces a lengthy period of incarceration; that he allegedly participated in criminal

activity while on probation; that the criminal activity involves weapons; and that Wood has a history of not complying with Court orders, all persuade the Court to **DENY** Wood's motion, COVID-19 notwithstanding.

**IT IS ORDERED.**

Date: May 6, 2020                                   s/ Victoria A. Roberts
                                                    Victoria A. Roberts
                                                    United States District Judge