UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

                Plaintiff,          Case No. 19-20216-6
                                  HON. VICTORIA A. ROBERTS

v.

KEVIN WOOD – D-6,

                Defendant.
_____/

## ORDER: (1) FINDING DEFENDANT COMPETENT; AND (2) REVOKING ORDER FOR PSYCHOLOGICAL EXAMINATION [ECF No. 79]

### I.    INTRODUCTION/BACKGROUND

Kevin Wood ("Wood") filed a Motion for Bond. [ECF No. 145]. In response to the motion, the government explained that Wood's competency remains at issue since he failed to comply with Magistrate Judge Grand's Order requiring him to complete a competency evaluation by March 13, 2020. [ECF No. 79].

The Court held a hearing on his Motion for Bond on May 5, 2020. During the hearing, defense counsel asked the Court to withdraw the order requiring a competency exam. She stated that her client was able to assist her with preparation for the hearing and his defense. The Government

1

objected. The Court questioned Wood about whether he understood the nature and circumstances of the pending charges and whether he provided assistance in preparing a defense strategy for trial.

The Court finds that Wood is competent to stand trial and **REVOKES** the order for a psychological examination. [ECF No. 79].

## II.    FACTUAL BACKGROUND

The government charged Wood in a multi-defendant Superseding Indictment with: (i) Conspiracy to Possess with Intent to Distribute a Controlled Substance in violation of 21 U.S.C. § 846; and (ii) Attempted Possession of a Controlled Substance with Intent to Distribute in violation of 21 U.S.C. § 846. The Government alleges that from approximately March 2016 through August 2017, Wood and his co-defendants ran a large-scale drug operation and conspired to possess firearms in furtherance of this drug trafficking scheme.

During his arraignment hearing on July 17, 2019, Wood's former counsel asked the Court to stay the criminal proceeding against him pending the results of competency evaluation to determine whether Wood possesses the mental capacity to be criminally responsible for the conduct for which he is charged. The government did not object to this motion.

Wood had been released only three days prior from a hospitalization where he had been treated for major depression and schizophrenia. The Court ordered Wood to undergo a psychological examination.

Wood's former counsel is no longer involved in this case. During the bond hearing, his current counsel asked the Court to revoke the order for psychological evaluation and find him competent based upon: (i) her conversations with Wood (at least 3 visits in the jail and 10 phone calls discussing the nature of the charges and preparing his defense), (ii) her thorough review of his medical history; (iii) Wood's compliance with taking prescribed medications; and (iv) his monthly visits with a health specialist at the Livingston County Jail. From all of this, defense counsel concluded that –despite his diagnosis – he could actively participate in the proceedings.

The government objected. It said that an officer of the Court made a representation to the Court that Wood may not have been competent to proceed, and that his competency had to be medically determined. However, Wood says that his interactions with his former counsel were limited, and he has not spoken to his former counsel since the arraignment.

The Court questioned Wood about whether he understood the arraignment proceeding. The Court also asked him whether he was able to meaningfully engage with his current counsel about the nature of the pending

3

charges and how he will defend against them. He said he was taking the prescribed medication and attending monthly sessions with a health specialist. Wood answered questions in a coherent and consistent manner and said he was feeling "great now." He understood the Court was holding his bond hearing and knew what that was.

### III.    ANALYSIS

In evaluating competence to stand trial, a decision that the defendant has a mental disease or disorder is only the starting point. The ultimate decision for the Court is whether Wood is competent to stand trial: whether his mental disorder affects his ability to understand the nature and consequences of the legal proceedings against him, and to rationally assist his counsel. The Court finds that while Wood does have mental health issues, he is competent to stand trial.

To be competent, a defendant must have "sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding" and "a rational as well as factual understanding of the proceedings against him." *Dusky v. United States,* 362 U.S. 402, 402 (1960). In determining competence, the Court should consider "several factors, including 'evidence of a defendant's irrational behavior, [the defendant's] demeanor at trial, and any prior medical opinion on competence to stand trial.'" *United States v.*

*Miller,* 531 F.3d 340, 348 (6th Cir. 2008) (quoting *Drope v. Missouri*, 420 U.S. 162, 1 This "*Dusky* standard" indicates that a defendant is incompetent to stand trial if, because of mental illness or other condition, defendant is unable to: (1) understand the nature and objectives of the court proceedings or (2) assist in his defense. *Cooper v. Oklahoma*, 517 U.S. 348, 354 (1996); *Dusky*, 362 U.S. at 402.

Wood does not meet the *Dusky* criteria. During the bond hearing, Woods stated that he "felt great," has been actively assisting his counsel in preparing for trial, and understood the nature of the pending Court proceedings.

## IV.   CONCLUSION

Based on a preponderance of the evidence, the Court finds that Wood is competent. 18 U.S.C. § 4241(d). He has sufficient present ability to consult with his attorney with a reasonable degree of rational understanding. And, he has a rational and factual understanding of the proceedings against him. *See Dusky*, 362 U.S. at 402.

The Court **REVOKES** the order for a psychological examination. [ECF No. 79].

**IT IS ORDERED.**

Date: May 6, 2020                         s/ Victoria A Roberts
                                          Victoria A. Roberts
                                          United States District Judge